UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ANNE J. FOWLER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  6:18-cv-00291 |
| SYNCHRONY BANK, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Anne J. Fowler ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Synchrony Bank ("Defendant," or "Synchrony") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant provides banking products and services. It provides certificates of deposit, money market and savings accounts, and IRAs, as well as online and mobile banking options. Synchrony Bank also issues credit cards. Synchrony Bank was formerly known as GE Capital Retail Bank and changed its name to Synchrony Bank in June 2014. The company was founded in 1988 and is based in Draper, Utah. Synchrony Bank operates as a subsidiary of Synchrony Financial.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Around late 2017, Plaintiff obtained a Walmart Credit Card serviced through Synchrony and incurred debt on that card ("subject debt").

7. Subsequently, Plaintiff began to suffer financial hardship and fell behind on her payments.

8. Immediately after she fell behind on her payments, Plaintiff began receiving calls on her cellular telephone from Defendant attempting to collect the subject debt.

9. Plaintiff began receiving these calls to her cellular telephone number, (254) XXX-4002.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Around May 2018, tired of the never ending collection phone calls from Defendant, Plaintiff answered a call form Defendant and asked Defendant to stop calling her. Defendant's representative informed Plaintiff they would not stop the calls until the subject debt was current.

12. Defendant kept its promise and ignored Plaintiff's request for it to stop calling.

13. Plaintiff has answered several more calls from Defendant and requested that it stop contacting her.

14. Notwithstanding Plaintiff's multiple requests that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed no less than 147 harassing phone calls to Plaintiff's cellular phone between May 2018 and the present day.

15. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

17. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

18. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a phone system that is commonly used in the collection industry to collect defaulted debts.

21. The phone numbers that Defendant most often uses to contact Plaintiff are (330) 433-5979, (937) 534-2103, and (678) 518-2061, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

22. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number

using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing no less than 147 phone calls to Plaintiff's cellular phone between May 2018 and the present day, using an ATDS without her prior consent.

32. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff first verbally revoked consent to be called in May 2018.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff Anne J. Fowler respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

41. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

    a. **Violations of TDCA § 391.302**

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

44. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff Anne J. Fowler respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**
Dated: September 28, 2018

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com